**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| JULIE A KRAUTH,<br><br>          PLAINTIFF,<br><br>vs.<br><br>LVNV FUNDING, LLC and ALLIED INTERSTATE, LLC<br><br>          DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Julie A. Krauth ("Plaintiff" or "Krauth") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, LVNV Funding, LLC (hereinafter "Defendant" or "LVNV"), and Allied Interstate, LLC (hereinafter "Defendant" or "Allied") alleges as follows:

## I.      INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.      JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.      PARTIES

3.   Plaintiff, Julie A. Krauth, is a natural person residing in Prescott, Iowa.

4.   Defendants, LVNV and Allied, are businesses engaged in the collection of debts owed to another in the State of Iowa.

5.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6.   Each Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7.   At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Bank of America, which was used for personal, family, or household use.

8.   Sometime thereafter, the debt was sold, assigned, or otherwise transferred to each Defendant for collection.

9.   Each Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10.  At some point in time, Plaintiff defaulted on her credit card debt with Bank of America (account ending in 8389).

11.  In correspondence sent to Krauth dated January 30, 2007, Bank of America offered to settle the above-referenced with Krauth in the amount of $3,216.00. Bank of America's offer further set forth that Krauth would have to make monthly installment payments in the amount of $536.00 beginning February 22, 2007 and upon receiving the final payment due on July 23, 2007, her account would be settled and closed.

12. Krauth made six consecutive monthly payments to Bank of America in the amount of $536.00; the first payment in February, 2007 and the sixth payment in July, 2007.

13. The account in question has been sold or assigned to numerous third party collection agencies. Krauth wrote letters to at least two companies who were collecting on said account explaining that account had previously been settled, attaching copies of the Bank of America settlement letter and copies of her checks. Shortly after the letters were sent out, the collection agency handling the account would immediately sell or assign the account to a new collection agency.

14. At some point in time the account was purchased by LVNV Funding, LLC.

15. LVNV Funding, LLC hired Allied Interstate, LLC to service the collection payments on the account.

16. In a letter from Allied Interstate to Krauth dated October 04, 2011, Allied stated they were attempting to collect a debt originally held with Bank of America (account ending in 8389) and which had recently been purchased by LVNV Funding, LLC. Allied indicated the balance owed as $18,539.57 and offered to settle the account with Krauth in the amount of $6,488.85.

17. As a result of the above-referenced communications and actions of the Defendants, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, frustration, stress, anger, fear, loss of sleep and anxiety.

## V.   FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

18. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17.

19. The Fair Debt Collection Practices Act measures a debt collector's behavior according to an objective "least sophisticated debtor" standard which "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd....the ignorant, the unthinking, and the credulous." *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993).

20. LVNV Funding, LLC, and Allied Interstate, LLC and their agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692e(2)(a) through the false representation of the character, amount, or legal status of a debt.

   b. The Defendant violated 15 U.S.C. § 1692e(10) through the use of a false representation or deceptive means to collect or attempt to collect any debt.

   c. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

   d. The Defendant violated 15 U.S.C. § 1692f(1) through the collection or attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

expressly authorized by the agreement creating the debt or permitted by law.

21. The Plaintiff is entitled to statutory damages up to $1,000.00 for each Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

22. The Plaintiff is entitled to actual damages for each Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

23. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for each Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

24. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17.

25. LVNV Funding, LLC and Allied Interstate, LLC and their agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692e(2)(a); 1692e(10); 1692f; and 1692f(1).

   b. The Defendant violated Iowa Code § 537.7103(4)(e) through a misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

   c. The Defendant violated Iowa Code § 537.7103(5)(d) through the collection of or the attempt to collect interest or other charge, fee or expense incidental to the principal obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation and is legally chargeable to the debtor. Or is otherwise legally chargeable.

26. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for each Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

27. The Plaintiff is entitled to actual damages for each Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

28. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for each Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendants LVNV Funding, LLC and Allied Interstate, LLC, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF